**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

HELEN BITTLE,                              *
                                          *
                    Plaintiff,            *
v.                                        *
                                          *
ANDREW SAUL, Commissioner,                *          No. 3:20-cv-00174-JJV
Social Security Administration,           *
                                          *
                    Defendant.            *
                                          *

**MEMORANDUM AND ORDER**

Plaintiff, Helen Bittle, has appealed the final decision of the Commissioner of the Social

Security Administration to deny her claim for disability insurance benefits.  Both parties have

submitted briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is

supported by substantial evidence on the record as a whole and free of legal error.  *Slusser v.*

*Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997);

*see also* 42 U.S.C. §§ 405(g), 1383(c)(3).  Substantial evidence is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402

U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts

from the Commissioner's decision as well as evidence that supports it; a court may not, however,

reverse the Commissioner's decision merely because substantial evidence would have supported

an opposite decision.  *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*,

3 F.3d 1210, 1213 (8th Cir. 1993).  After careful review of the pleadings and evidence in this case,

I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Plaintiff was forty-seven years old at the time of the administrative hearing.  (Tr. 940.)  She testified she earned a GED (*id.*) and has past relevant work as a stock control clerk.  (Tr. 23.)

The ALJ[1] found Ms. Bittle had not engaged in substantial gainful activity since June 24, 2017, the alleged onset date.  (Tr. 13.)  She has "severe" impairments in the form of "disorders of back – discogenic and degenerative; chronic obstructive pulmonary disease (COPD); depressive, bipolar and related disorders; anxiety and obsessive-compulsive disorders."  (*Id.*)  The ALJ further found Ms. Bittle did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2]  (Tr. 13-15.)

The ALJ determined Ms. Bittle had the residual functional capacity to perform a reduced range of sedentary work given her mental and physical impairments.  (Tr. 15.)  Based on the residual functional capacity assessment, the ALJ determined Ms. Bittle could no longer perform her past relevant work.  (Tr. 23.)  The ALJ utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite her impairments.  Based on the testimony of the vocational expert, (Tr. 957-959), the ALJ determined she could perform the jobs of table worker

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

and cutter/paster.  (Tr. 24.)  Accordingly, the ALJ determined Ms. Bittle was not disabled.  (Tr. 25.)

The Appeals Council received additional evidence and then denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner.  (Tr. 1-5.)  Plaintiff filed the instant Complaint initiating this appeal.  (Doc. No. 2.)

In support of her Complaint, Plaintiff argues that the ALJ incorrectly assessed her subjective symptoms.  (Doc. No. 16 at 32-33.)  The ALJ's assessment of Plaintiff's subjective symptoms closely ties into to her residual functional capacity assessment with which Plaintiff also disagrees.  (*Id.* at 33-36.)

The ALJ analyzed Ms. Bittle's symptoms in light of Social Security Ruling 16-3p.  (Tr. 15-23.)  That ruling fairly tracks *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), which states:

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints.   The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
> 1.  the claimant's daily activities;
>
> 2.  the duration, frequency and intensity of the pain;
>
> 3.  precipitating and aggravating factors;
>
> 4.  dosage, effectiveness and side effects of medication;
>
> 5.  functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints <u>solely</u> on the basis of personal observations.   Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Polaski v. Heckler*, 739 F.2d at 1322 (emphasis in original).

I find the ALJ fairly evaluated Plaintiff's subjective complaints.   As the ALJ noted in her opinion, the record reveals that the degree of Plaintiff's subjective complaints of pain and limitation were not consistent with his doctor's objective findings on examination.  (*See e.g.* Tr. 656, 665-666, 719-720, 745, 749-751.)  As the ALJ noted, "The claimant presented with Sunil Gera, M.D., on April 25, 2018 (Exhibit B9F/2). Her spouse accompanied her. Dr. Gera reported the claimant's multiple pain problems had 'come a long way', as the claimant had 'improved tremendously'."  (Tr. 20.)  The ALJ also correctly noted that Plaintiff's diagnostic tests revealed nothing that would support Plaintiff's allegations of complete disability.  (Tr. 21, 766-767.)

As the ALJ rightly concluded:

> The undersigned finds the evidence generally does not support the alleged loss of functioning. The claimant's subjective complaints exceed the clinical examination findings. In addition, the claimant has described daily activities, which are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations. Furthermore, the claimant was articulate at the hearing and her testimony was responsive, coherent, and without apparent lapses of attention.

(Tr. 17.)

The ALJ's conclusion is supported by the objective medical evidence.  The degree of Ms. Bittle's alleged limitation is simply not supported by the overall record.  The ALJ accurately accounted for the limitations supported by the record and correctly concluded Plaintiff could perform a reduced range of sedentary work activities.  Accordingly, I find no basis to overturn the ALJ's subjective symptom evaluation or RFC.

Given this limited review, second-guessing an ALJ's assessment of subjective symptoms is an agonizing task.  Ms. Bittle clearly has limitations and some serious health issues.  However, being mindful of the "substantial evidence" test in these cases, the record contains adequate objective medical evidence to support the ALJ's determination here.

Plaintiff also contends the ALJ erred in failing to find her carpal tunnel syndrome was a "severe" impairment.  (Doc. No. 16 at 36-37.)  Plaintiff correctly notes a "severe" impairment is one that significantly limits a claimant's physical or mental ability to do basic work activities. *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997); *Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992); 20 C.F.R. § 416.920(c) (2007).  It has "more than a minimal effect on the claimant's ability to work."  *Hudson v. Bowen*, 870 F.2d at 1396; *accord, Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007).

> (a)    *Non-severe impairment(s).*   An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.
> (b)  *Basic work activities.*   When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs.  Examples of these include--
> (1)  Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling;
> (2)  Capacities for seeing, hearing, and speaking;
> (3)  Understanding, carrying out, and remembering simple instructions;
> (4)  Use of judgment;
> (5)  Responding appropriately to supervision, co-workers and usual work situations; and
> (6)  Dealing with changes in a routine work setting.

20 C.F.R. §§ 404.1521 and 416.921 (2007).

The medical evidence simply fails to support an allegation her carpal tunnel syndrome amounted to a "severe" impairment.  The Commissioner correctly states, "There was also no recent evidence of specific treatment for [carpal tunnel syndrome], such as physical therapy or a release operation, as might be expected for an allegedly disabling impairment."  (Doc. No.  22 at 12.) Accordingly, I find the ALJ could rightly determine it was not a severe impairment.

Plaintiff clearly suffers from limitation with the combination of her impairments.  And her counsel has done an admirable job advocating for her rights in this case.  However, the objective medical records simply fail to support a claim of *complete disability*.

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382(a)(3)(A).  A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

As the ALJ recited in her opinion, Ms. Bittle's "determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision."  (Tr. 22.)  This conclusion is supported by Plaintiff's own medical records.

Plaintiff has advanced other arguments – including that the ALJ erred failed to develop the record – which I have considered and find to be without merit.  Counsel for the Commissioner has provided persuasive arguments on these points.  (Doc. No. 22 at 19-23.)

It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts her findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.  There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final decision of the Commissioner is affirmed and Plaintiff's Complaint is dismissed with prejudice.

DATED this 6th day of April 2021.

_____

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE